Next case, call 4-0. Argument is Shevlin v. Blomenkamp Excavating. Counsel, whenever you're ready, make your statement. Thank you. Jay Allen, Blomenkamp, the opponent, Blomenkamp Excavating & Construction. May it please the Court. If you would like a recitation of the facts, although I think they're pretty well set out in the briefs, it's fairly straightforward. We've read the briefs. There's not a lot to expand upon. I think the key of this whole appellate argument is the denial of the motion for vacating the judgment, or signing the judgment that was filed in April of 2010, and the denial of the grant of the trial. Specifically, Judge Dauber's order in awarding or finding in favor of Mr. Shevlin focused upon the fact that he, excavating, came in and rebuilt the dam in a certain manner, and that somehow fixed the problem. Within a week of that order being entered, or two weeks, that a motion was filed, because that key component of her order, the dam failed, which coincides with what the defendant's argument, Mr. Blomenkamp's argument, was all along, that this was my subsidence, we never agreed to repair the dam in a certain manner, we should be able to introduce evidence that that repair that Judge Dauber relied upon, that Mr. Shevlin relied upon, actually failed. Was there any expert testimony as to my subsidence, or any specialized testimony showing that that was the cause? Of the failure of Mr. Heath? The snake, or whatever it did. Well, the original testimony was by Mr. Blomenkamp, who worked for the mines, and that's in the transcript of the proceedings. He also has been an excavator for the last 30 years. So there is testimony as to the mine subsidence? There is testimony and evidence as to the mine subsidence. Yes, sir. But what was there in the motion to vacate the judgment, or for additional evidence? What was there that showed a reason for the failure of the dam? There was... I mean, there were a couple pictures attached, and it just said... There was Mr. Blomenkamp's affidavit indicating that the dam had failed. That, along with the pictures and the fact that we were alleging that it was mine subsidence all along, was there a specific engineering analysis that had been done to say this was what the cause was? The answer is no, there was no specific analysis. But that would be something that could be garnered in a new trial. The basis of the motion is the fact that Judge Dauber herself said, really relied upon the fact that this repair that was done by HEAT in the manner suggested by Shetland solved the entire problem, and therefore, since Mr. Blomenkamp didn't do it that way, he was somehow liable for a breach of contract. All along, Mr. Blomenkamp was saying, no, it is mine subsidence. Everything is going to fail until, essentially, the subsidence stops by having it backfilled with dirt. The failure of HEAT's repair is further evidence of the mine subsidence that we've been arguing all along. It should have been something that could have been brought in, but it was nothing that was known, at least the HEAT repair, until after the order was entered. I mean, it meets all of the criteria for granting a new trial and to bring in that evidence. And we would ask you to, of course, reverse Judge Dauber's denial of it and award a new trial. Thank you. Thank you, counsel. We appreciate your paraphrasal argument and brief file. We'll take one more question.